IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CARY NELSON REHBEIN,                )
                                    )
            Plaintiff,              )          4:93CV3434
                                    )
        v.                          )
                                    )
DAN DANAHAR, Doctor, SUSAN          )     MEMORANDUM AND ORDER
BOHN, Doctor, ROBERT HOUSTON,       )
Warden, and HAROLD W. CLARKE,       )
Director,                           )
                                    )
            Defendants.             )
                                    )

        Plaintiff has filed three communications asking to be
transferred from his current custody at the Tecumseh State
Correctional Facility to the Lincoln Community Corrections
Center.  He claims his present custody status is a violation of
the settlement agreement in this case.  There are several
problems with the plaintiff's submissions.  Among them the
following.

        First, this court did not adopt the settlement agreement
reached between the plaintiff and the defendants, which resulted
in this court dismissing this case on September 22, 1997, at the
plaintiff's request and on his motion.  Once a settlement
agreement is reached, it becomes a contract between the settling
parties, but does not become enforceable in this court.  Rather,
breach of a contract between two in-state persons or entities is
a state law claim.  It is not a federal claim and is redressable,
if at all, only in state court.

        Second, the actions complained about in plaintiff's
documents either took place years ago or are now still proceeding
in the administrative channels of the Department of Corrections.

Under the Prison Litigation Reform Act, plaintiff must exhaust his administrative remedies before he can file a case in federal court.  28 U.S.C. 1997e; <u>Jones v. Bock</u>, ___ U.S. ___, 127 S. Ct. 910 (2007).  They do not appear, at least yet, to give rise to a claim for the plaintiff.

Third, this case is closed.  It will not be reopened.  If plaintiff wants to raise claims against prison officials, he must do so in a new case, following the requirements of the Prison Litigation Reform Act.

Fourth, even if the court were to consider them, the allegations in the documents are far too convoluted to state a claim on which relief can be granted.  They are, in their present form, legally frivolous.  To state a claim, plaintiff must carefully set forth in a complaint a "short and plain statement of the grounds upon which the court's jurisdiction depends" and a "short and plain statement of the claim," setting forth the facts giving rise to the claim and the specific action each named defendant took which he claims violated some constitutional right.  See Fed. R. Civ. P. 8(a).  These documents fall far short of that standard.  In addition, to the extent that the actions complained about date back more than four years prior to the filing of the complaint, the claims may be barred by applicable statutes of limitations.

This must end.  The clerk will be ordered not to accept any more filings after these three, which I shall consider motions to reopen the case and shall deny.  All future correspondence or papers received from the plaintiff that bear the case number of this case will be returned to the plaintiff, unfiled, unless they are signed by a licensed attorney.

2

IT THEREFORE HEREBY IS ORDERED:

1.  The documents, filings 220, 221, and 222, are construed as motions to reopen this case, and as so construed, are all denied.

2.  The clerk shall not without further order accept for filing any further documents received from plaintiff bearing the case number of this case, unless they are signed by an attorney admitted to practice in this court.  All further correspondence or other documents which are received from plaintiff and either bear this case number or otherwise repeat the claims of this case shall be returned to the plaintiff, unfiled.

DATED this 20th day of June, 2007.

BY THE COURT:

s/ David L. Piester

David L. Piester
United States Magistrate Judge

3